UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| BNSF RAILWAY COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CASE NO. 2:23-cv-8 |
| | ) | |
| DYNO NOBEL, INC. | ) | |
| | ) | |
| Defendant, | ) | |

**BNSF RAILWAY COMPANY'S**
**COMPLAINT AGAINST DYNO NOBEL, INC.**

Plaintiff, BNSF RAILWAY COMPANY ("BNSF"), by and through its attorneys, Knight Nicastro MacKay, LLC, for its Complaint against DYNO NOBEL INC., ("Dyno Nobel"), states as follows:

**ALLEGATIONS COMMON TO ALL COUNTS**

1. On May 5, 2022, Lisa Strieker, as Independent Administrator of the Estate of Buddy Strieker, deceased, field its Complaint against BNSF, seeking recovery under the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, et seq., for an incident alleged to have occurred on April 7, 2021 (the "Lawsuit"). A copy of the Complaint is attached as **Ex. A** and incorporated herein by reference.

2. Lisa Strieker alleges that on the aforesaid date, while Buddy Strieker was employed by and working for BNSF as a conductor, he was run over by a train in Missouri and died as result. *Id*. at ¶ 5.

3. On June 1, 2022, Lisa Strieker filed her Notice of Dismissal following a settlement with BNSF. BNSF incurred costs and fees in connection with the defense and settlement of the Lawsuit.

## PARTIES

4. That at all times material herein, BNSF was a corporation duly organized and existing under the laws of the State of Delaware with its principal place of business in Fort Worth, Texas, and was duly licensed and empowered to operate a system of railroads as a common carrier of a freight for hire in and through the State of Missouri and is engaged as a common carrier in interstate commerce.

5. That at all times material herein, Dyno Nobel, Inc. was a corporation existing under the laws of the State of Delaware with its principal place of business in Salt Lake City, Utah with a facility located in Louisiana, Missouri.

## JURISDICTION AND VENUE

6. That is Court has subject matter jurisdiction over Dyno Nobel pursuant to 28 U.S.C. § 1332 (diversity of citizenship).

7. This Court has personal jurisdiction over Dyno Nobel since the Dyno Nobel purposefully availed itself of the privileges of conducting activities in the State of Missouri and have maintained minimum contacts sufficient to confer jurisdiction over them.

8. Venue to bring BNSF's claims against Dyno Nobel is proper under 28 U.S.C. § 1391(b)(2) (allows lawsuit to be brought in district court where a substantial part of the events giving rise to the claim occurred).

9. BNSF's claims against Dyno Nobel are timely commenced pursuant Revised Statutes of Missouri, Section 400.2A-506, and per agreement between the parties.

## COUNT I- CONTRACTUAL INDEMNITY

10. BNSF incorporates and restates its allegations in Paragraphs 1 through 9 as though fully set forth herein.

11. On June 24, 1985, Burlington Northern ("Railroad") and Hercules Inc. and IRECO Inc., ("Industry"), entered into an Industrial Track Agreement.

12. Pursuant to Section 8, Assignment, the Agreement shall inure to the benefit of and be binding upon the successors and assigns of the parties hereto.

13. At all times relevant to this lawsuit, Dyno Nobel owned and maintained the right-of-way which includes section of track previously owned and maintained by IRECO Inc.

14. Pursuant to Section 1, Right of Way, "Industry further agrees that said track (and crossings) shall be maintained and operated subject to all provisions of any such public authority or permission and, regardless of the fact that same may be granted to Railroad rather than to Industry, to assume any and all liability for and to indemnify, defend and save harmless Railroad from and against any and all loss, cost, damage, suit or expense in any manner arising or growing out of the compliance with or violation of the provisions of such public authority or permission." *Id*. at 1.

15. Pursuant to the Agreement, Dyno Nobel was responsible for providing "proper drainage and to keep the track free and clear of snow, ice, weeds and other obstacles and debris and to provide a safe workway for Railroad employees;" and clarifies that "[a]ny work performed by Industry in constructing or maintaining the track or any facilities extending over, under or across the same shall be done in a substantial and workmanlike manner and in accordance with Railroad's standards. *Id*. at 2.

16. The Agreement was in effect on April 7, 2021.

17. Section 389.797 of the Revised Statutes of Missouri requires track owners to "keep and maintain those margins alongside their tracks, where railroad employees are required to walk in the course of their duties, reasonably free from debris, vegetation and any hazards known or

which should have been known to exist, which affect the safety of such employees." R.S.Mo. § 389.797. The primary liability exposure in the Lawsuit arose from a condition along the industry track at the location Mr. Streiker was struck by the train, which the plaintiff would have contended was a violation of this statute. The alleged condition was a narrowing of the walkway adjacent to the track in the vicinity of a culvert that did not provide sufficient room to walk safely along the track. This theory of liability triggered Dyno Nobel's obligation to fully indemnify BNSF.

18. BNSF demanded that Dyno Nobel indemnify and hold it harmless against all damages and expenses arising from Plaintiff's claims, but Dyno Nobel refused to do so.

19. By not accepting BNSF's indemnification, Dyno Nobel is in breach of the Agreement with BNSF.

20. Dyno Nobel's failure to indemnify BNSF has caused BNSF to sustain damages, including the cost of defense and settlement paid to resolve the Lawsuit brought by Lisa Strieker. The settlement amount paid was reasonable and appropriate in light of the potential exposure to liability and damages.

WHEREFORE, Plaintiff, BNSF, by and through its attorneys Knight Nicastro MacKay, LLC, respectfully request this Honorable Court enter a judgment against Defendant, Dyno Nobel, Inc., requiring it to indemnify BNSF for the damages and expenses incurred by BNSF, including the cost of defense and amount paid in settlement of the Lawsuit.

## COUNT II – COMMON LAW INDEMNITY

21. BNSF incorporates and restates its allegations in Paragraphs 1 through 20 as though fully set forth herein.

22. Lisa Strieker brought her lawsuit against BNSF pursuant to the Federal Employer's Liability Act ("FELA"), 45 U.S.C. § 51, et seq. Plaintiff claimed in the Lawsuit that BNSF owed

4

Mr. Strieker a non-delegable duty to provide him a reasonable safe place to work even on Dyno Nobel's premises.

23. Based on the allegations in the Lawsuit, Dyno Nobel's actions and/or omissions were a substantial factor in causing the conditions leading to Buddy Strieker's death, including failing to maintain the walkway adjacent to the track in the vicinity of a culvert, and failing to provide a sufficient walkway for BNSF employees walking adjacent to industry track in violation of Section 389.797 of the Revised Statutes of Missouri.

24. As a direct and proximate result of the above described alleged careless and/or negligent acts and/or omissions on behalf of Dyno Nobel, BNSF sustained damages including the cost of defense and settlement paid to resolve the Lawsuit.

25. Dyno Nobel is obligated to indemnify BNSF as Dyno Nobel's negligence resulted in liability to BNSF.

WHEREFORE, Plaintiff, BNSF, by and through its attorneys Knight Nicastro MacKay, LLC, respectfully request this Honorable Court enter a judgment against Defendant, Dyno Nobel, Inc., for all damages and expenses incurred by BNSF as a result of the cost of defense and the amount paid settlement of the Lawsuit. BNSF further demands its costs and attorneys' fees incurred in this action.

**JURY TRIAL DEMANDED**

Defendant hereby demands a jury trial on all issues so triable.

BNSF RAILWAY COMPANY

By: */s/Chad Knight*
Chad Knight, Missouri Bar No. 68627
304 W. 10th Street
Kansas City, Missouri 64105
P: (816) 396-0161
F: (816) 396-6233
knight@knightnicastro.com

5